IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Carolyn Johnson, on behalf of J.J.G., a minor child, ) ) ) Plaintiff, ) ) v. ) ) Carolyn W. Colvin, Acting ) Commissioner of the Social Security ) Administration, ) ) Defendant. ) ) | Civil Action No.: 6:12-cv-01139-RBH  **ORDER** |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Kevin F. McDonald.[1] Plaintiff Carolyn Johnson brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's minor son's claim for supplemental security income benefits under Title XVI of the Social Security Act ("the Act"). In his R&R, the Magistrate Judge recommends affirming the decision of the Commissioner.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

Plaintiff's son ("Child"), a child under eighteen, applied for supplemental security income benefits on May 2, 2006, alleging a disability onset date of April 3, 2008. The application was denied initially and on reconsideration. Child requested a hearing before the Administrative Law Judge ("ALJ") on February 18, 2009. That hearing was held on August 19, 2010, and Plaintiff appeared and testified on behalf of Child. The ALJ issued a decision dated September 2, 2009, finding that Child was not disabled. The ALJ's overall findings were as follows:

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to the Magistrate Judge.

> 1. The claimant was born on July 29, 1995. Therefore, he was an adolescent on May 2, 2008, the date the application was filed, and is currently an adolescent (20 C.F.R. § 416.926a(g)(2)).
>
> 2. The claimant has not engaged in substantial gainful activity since May 2, 2008, the application date (20 C.F.R. §§ 416.924(b) and 416.971 *et seq.*).
>
> 3. The claimant has had the following severe impairments: attention deficit hyperactivity disorder and oppositional defiant disorder (20 C.F.R. § 416.924(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.924(d), 416.925, and 416.926).
>
> 5. The claimant does not have an impairment or combination of impairments that functionally equals the listings (20 C.F.R. §§ 416.924(d) and 416.926(a)).
>
> . . .
>
> 6. The claimant has not been disabled, as defined in the Social Security Act, since May 2, 2008, the date the application was filed (20 C.F.R. § 416.924(a)).

Tr. 14-22.

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Child's request for further review on February 24, 2012. On April 27, 2012, Plaintiff filed this action seeking judicial review of the Commissioner's decision on behalf of her son. Compl., ECF No. 1. Both Plaintiff and the Commissioner filed briefs, ECF Nos. 18, 20, 21, and the Magistrate Judge issued his Report and Recommendation ("R&R") on July 2, 2013, recommending that the Commissioner's decision be affirmed, R&R, ECF No. 23. Plaintiff filed timely objections to the R&R on July 19, 2013, Pl.'s Objs., ECF No. 24, and the Commissioner replied on August 5, 2013, Def.'s Reply, ECF No. 25.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Act is a limited one. The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citations omitted).

This statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1973) (holding that the Court must uphold the decision supported by substantial evidence "even should [it] disagree"). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assume that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1). The R&R is only a recommendation to the Court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the district court. *Mathews v.*

*Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. § 636(b)(1).

The right to *de novo* review, however, may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*  Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  In that event, however, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**APPLICABLE LAW**

Under Title XVI, an individual under the age of eighteen will be deemed to have a childhood disability if he has a "medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906; *see also* 42 U.S.C. § 1382c(a)(3)(C)(i).  Different from the five-part sequence of evaluation for adults, the Social Security Administration's regulations establish a three-part evaluation process. 20 C.F.R. § 416.924.  A child must (1) not be currently engaged in substantial gainful activity, (2) have a severe impairment or impairments, and (3) have impairments that meet, medically equal, or functionally equal any impairment listed in the

regulations at appendix 1 of subpart P of part 404. 20 C.F.R. § 416.924(b)–(d). If the claimant's impairment or combination of impairments does not meet or medically equal the requirements of a listing, the Commissioner will decide whether it results in limitations that functionally equal such requirements. *Id.* § 416.926a(a). To assess functional equivalence, the Commissioner considers how the claimant functions in activities in terms of six domains, broad areas of functioning intended to capture all of what a child can or cannot do. *Id.* § 416.926a(b)(1). These domains are: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. *Id.*

The claimant must have a medically determinable impairment or combination of impairments that results either in "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* § 416.926a(a). The Commissioner will find that a claimant has a "marked" limitation in a domain when the claimant's impairment or combination of impairments interferes seriously with his ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(2)(i). "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme" and may arise when several activities or functions are limited or when only one is limited. *Id.* The Commissioner will find that the claimant has an "extreme" limitation in a domain when the claimant's impairment or combination of impairments interferes very seriously with his ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(3)(i). An extreme limitation also means a limitation that is "more than marked" and may arise when several activities or functions are limited or when one is limited. *Id.*

## ANALYSIS

The Magistrate Judge recommends affirming the final decision of the Commissioner, concluding the decision is free of prejudicial legal error and supported by substantial evidence. Plaintiff, however, objects to the R&R. Plaintiff's objections can be grouped into three categories. First, Plaintiff objects to the Magistrate Judge's failure to address the ALJ's failure to consider adequately Child's previous receipt and termination of disability benefits. Pl.'s Objs. 1–4. Second, Plaintiff objects to the Magistrate Judge's finding that the ALJ's failure to list relevant listings was harmless in light of the ALJ's findings regarding functional equivalence. *Id.* at 5–7. Finally, Plaintiff objects to the Magistrate Judge's basis for dismissing the ALJ's failure "to identify and rate the severity of all of [Child's] impairments at step two." *Id.* at 7.

The administrative decision did not discuss the listings relevant to Child's symptoms, despite the finding at step two that Child's attention deficit hyperactive disorder was a severe impairment. The Magistrate Judge noted in his R&R that "the ALJ should have identified the relevant listing and provided an analysis"; however, the Magistrate Judge concluded "that because the ALJ's analysis later in the decision provided an explicit, definitive basis for rejection of the relevant listing's criteria, the error is harmless." R&R 18. The Court, however, is not convinced that the error is harmless, particularly because the analyses under the attention deficit hyperactive disorder listing, 112.11, and functional equivalence are not sufficiently identical to the point that a failure to find functional equivalence *conclusively* precludes a finding that Plaintiff's symptoms meet or medically equal a listing. *See, e.g.*, *M.G. v. Comm'r of Soc. Sec.*, 861 F. Supp. 2d 846, 859 n.6 (E.D. Mich. 2012) ("But to the extent that the Commissioner would assert that the ALJ's analysis regarding functional equivalence suffices for the required 'meets' and 'medically equals'

analysis, there is case law to the contrary.") (listing cases).  In fact, such a finding would effectively render the listings ineffective in cases involving impairments like severe attention deficit disorder.

Listing 112.11 reads as follows:

> 112.11 Attention Deficit Hyperactivity Disorder: Manifested by developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity.
>
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
>
> A. Medically documented findings of all three of the following:
>
> 1. Marked inattention; and
>
> 2. Marked impulsiveness; and
>
> 3. Marked hyperactivity;
>
> and
>
> B. For older infants and toddlers (age 1 to attainment of age 3), resulting in at least one of the appropriate age-group criteria in paragraph B1 of 112.02; or, for children (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02.

Paragraph B2 of listing 112.02 reads as follows:

> For children (age 3 to attainment of age 18), resulting in at least two of the following:
>
> a. Marked impairment in age-appropriate cognitive/ communicative function, documented by medical findings (including consideration of historical and other information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized psychological tests, or for children under age 6, by appropriate tests of language and communication; or
>
> b. Marked impairment in age-appropriate social functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and

7

>> including, if necessary, the results of appropriate standardized tests; or
>
> c. Marked impairment in age-appropriate personal functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, appropriate standardized tests; or
>
> d. Marked difficulties in maintaining concentration, persistence, or pace.

In reviewing the above-discussed six general domains in assessing functional equivalence, the Court finds the ALJ committed error in not identifying relevant listings and making appropriate findings. To find Child's attention deficit hyperactive disorder and oppositional defiant disorder to be severe impairments yet not articulate the basis for finding that Child's impairments did not meet or medically equal listing 112.11 troubles the Court, as it prevents the Court from adequately reviewing the ALJ's full analysis on appeal. *M.G.*, 861 F. Supp. 2d at 858 (noting that a "conclusory meets or medically equals analysis . . . deprives the federal court of its ability to act as an appellate tribunal and instead forces the court to become the finder of fact"). Furthermore, the criteria under part B of listing 112.11 and for determining functional equivalence are not identical (four criteria versus six), and the conclusion that findings under one are tantamount to findings under the other requires the implicit re-weighing of evidence to some degree. *See S.R. ex rel. R.R. v. Barnhart*, 371 F. Supp. 2d 796, 800 (W.D. Va. 2005) (noting that a medical expert found a "less than marked" impairment in age-appropriate social functioning under the listings and "marked" impairment in interacting and relating with others under functional equivalence). Because that is not the function of this Court, remand is appropriate. *Cf, e.g.*, *Jones ex rel. B.J. v. Astrue*, No. 1:09CV45, 2012 WL 1267875, at *3, *6 (M.D.N.C. Apr. 16, 2012) (finding a remand appropriate where the ALJ's factual findings did not support the ALJ's conclusory meets or medically equals analysis).

8

Plaintiff also objects to the Magistrate Judge's failure to "address the issue of acquiescence ruling 00-1(4) regarding [Child's] previous receipt and termination of [disability] benefits." Pl.'s Objs. 1. Specifically, Plaintiff notes that evidence in the record suggests that Child had a prior termination of benefits in September 2004. She contends that the ALJ was required to weigh the evidence of Child's previous receipt of benefits pursuant to AR 00-1(4) and that the Magistrate Judge erred in not addressing the issue in his R&R. The Magistrate Judge concluded that the issue, which was not raised to the ALJ at the hearing, did not merit remand because Plaintiff failed to show "good cause for failing to submit the evidence to the ALJ." R&R 23.

Acquiescence Ruling 00-1(4) articulates the Commissioner's response to the Fourth Circuit's opinion in *Albright v. Commissioner*, 174 F.3d 473 (4th Cir. 1999). In *Albright*, the Fourth Circuit clarified a previous opinion and holding that a "finding of a qualified and disinterested tribunal" is probative in subsequent administrative proceedings as a "practical illustration of the substantial evidence rule." 174 F.3d at 477. In AR 00-1(4), the Social Security Administration adopted, for application only to claims arising in the Fourth Circuit, a rule requiring as follows:

> When adjudicating a subsequent disability claim arising under the same or a different title of the Act as the prior claim, an adjudicator determining whether a claimant is disabled during a previously unadjudicated period must consider such a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances.

Here, the only evidence of a prior adjudication of a claim is a form indicating that Child's benefits were terminated in September 2004 and that Child had a denial of a claim at initial review that same month. Indeed, the evidence is limited; however, in light of the fact the Court finds a remand is warranted in order for an ALJ to conduct a proper listings analysis, the Court orders the ALJ to

consider any available findings regarding the grant or denial of Child's past claims at step three of his assessment in light of AR 00-1(4).[2]

Finally, Plaintiff objects to the Magistrate Judge's recommendation regarding the ALJ's step two assessment. At that step, the ALJ found that Child's severe impairments were attention deficit hyperactive disorder and oppositional defiant disorder. Plaintiff argued in her brief that the ALJ should have considered Child's past seizure activity, as well as the severity of his learning disorder, borderline intelligence, and "an eye condition involving suspected glaucoma." Pl.'s Br. 23, ECF No. 18. But the Court agrees with the Magistrate Judge's recommendation that the ALJ's mere failure to identify all of Child's severe impairments, assuming he had more, does not prejudice Child when the ALJ found an impairment sufficiently severe to proceed to step three. *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008). Error would only lie in the ALJ's failure to consider the severity of all of Child's symptoms at step three, and this Court is remanding the matter for a new step three assessment. Thus, on remand, the ALJ need not make additional findings at step two.

## CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, including the briefs, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, and applicable law. For the foregoing reasons, the Court respectfully rejects the recommendation of the Magistrate Judge. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** to the Commissioner for further proceedings as set forth herein.

---

[2] It is unclear from the limited record whether or not Child received disability benefits in the past. If he did, the Commissioner would be in possession of those records. What concerns the Court is that, in the Commissioner's submissions to the Court, the Commissioner appears to implicitly concede that Child had received benefits in arguing only that Plaintiff does not point to any prior findings by an ALJ or Appeals Council.

**IT IS SO ORDERED.**

                                                              s/ R. Bryan Harwell
                                                              R. Bryan Harwell
                                                              United States District Judge

Florence, South Carolina
September 17, 2013