IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Carolyn Johnson, | ) | Civil Action No. 6:12-cv-1139-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On December 6, 2013, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by the defendant in this action was not substantially justified. Defendant filed a Response on December 23, 2013. Plaintiff filed a Response to the Defendant's response on December 31, 2013. The government asserts that the motion should be denied because its position was substantially justified. The commissioner does not contest the amount of requested fees but asserts that any fees awarded should be made payable to the plaintiff and not her attorney.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of showing substantial justification. Thompson v. Sullivan, 980 F.2d 280 (4th Cir. 1992). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. Pierce v. Underwood, 487 U.S. 552 (1988); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991).

The standard to be applied in determining whether the Commissioner was "substantially

justified" for purposes of determining whether award of attorney's fees under the EAJA is warranted,

is whether there was arguably substantial evidence to support the Commissioner's position, not whether

there was some evidence to support the position.  Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984).

> The government's position must be substantially justified in both fact and law. . . In other
> words, favorable facts will not rescue the government from a substantially unjustified position
> on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position
> on the facts.  After prevailing in the underlying suit, a petitioner may rely on either a
> prelitigation position or a position taken during litigation as a predicate for fees.  However,
> where the government's unjustified prelitigation position forces the petitioner to institute the
> suit, the government is liable for fees for the whole suit, notwithstanding that it asserts
> justifiable positions in the various subsidiary disputes that may arise during litigation.

Thompson v. Sullivan, 980 F.2d at 281-282.

The defendant contends that her position was substantially justified because the Magistrate

Judge recommended that the court affirm the commissioner's decision and  reasonable jurists would

thus disagree about the proper outcome. In addition, Defendant asserts that the commissioner did not

take a position in contravention of established law, in light of the alleged absence of controlling

precedent in the Fourth Circuit on the issue of whether the ALJ's failure to discuss the listings relevant

to the child's symptoms was harmless error.  Defendant also asserts that she did not concede that the

child plaintiff had received benefits at some time in the past but that she relied on her previous

arguments that Plaintiff had waived any such arguments by not raising them in her brief.

Plaintiff counters that the existence of a government favorable report from a magistrate judge

is not sufficient reason to deny EAJA fees.  She also contends that Fourth Circuit precedent does exist

regarding the method for an ALJ to conduct a Step 3 listing analysis.  Finally, she asserts that the ALJ's

failure to consider the existence of a previous award of disability violates AR 00–1(4), and thus her

position was not substantially justified.

This court believes on the record before it that the defendant's actions were not substantially

2

justified and that an award of attorney's fees is appropriate. The cases cited by the government mention in the procedural history that the district judge had adopted the magistrate judge's R&R. However, those cases do not support the government's argument that its position was substantially justified on the basis that the magistrate judge recommended affirming the case. The court was simply discussing the procedural history of the case. Also, an R&R favorable to the commissioner "should be considered as evidence that could support a finding that the Commissioner's position was substantially justified. In a totality of the circumstances test, the court would consider a favorable (R&R) as strong evidence supporting the government's defense of its position. It is not, however, a preclusive factor." Rowe v. Colvin, No. 3:13-cv-00573-MOC-DLH, 2015 WL 1756462, at *3 (W.D.N.C. April 17, 2015).

Secondly, as discussed in this Court's order, in reviewing the six general domains in assessing functional equivalence, the ALJ erroneously failed to identify relevant listings and make appropriate findings. (ECF No. 28, p. 8) This was contrary to the administration's own rules and case law in the Fourth Circuit, as noted in the order.[1] Therefore, the Court finds that the government's position was not substantially justified.

On the basis of the above, the Court finds the position of the government was not substantially justified and that the plaintiff should be awarded attorney's fees pursuant to EAJA. The Court awards the plaintiff attorney fees in the amount of $7,466.64 ( 41.10 hours of attorney time x $181.67 per hour).

Regarding the appropriate payee of the check, the United States Supreme Court has determined that the party and not the attorney is the prevailing party under the EAJA statute. Astrue v. Ratliff, 130

---

[1] In light of the fact that the Court remanded the case to conduct a proper listings analysis, the Court also ordered the ALJ to consider any available findings regarding the grant or denial of the child claimant's past claims at step three of his assessment in light of AR 00-1(4).

S.Ct. 2521, 2528-29 (2010). In the case at bar, the government takes the position that the decision whether to waive the Act and accept an assignment is in the sole discretion of the government. The plaintiff has not made any argument against this. The Court accordingly orders that the EAJA attorney's fee payment should be made payable to the plaintiff as the prevailing party rather than the attorney. However, the check should be mailed to the attorney, with notice of this mailing being sent to the plaintiff.

     **IT IS SO ORDERED**.


     s/ R. Bryan Harwell
     R. Bryan Harwell
     United States District Judge

May 15, 2015
Florence, South Carolina

4